**Waterbury Associates, Inc. v. Waterbury Kitchens, Inc.**

C.P. of Chester County, No. 2011-02399

*Neil E. Land*, for plaintiff.
*Thomas K. Schindler*, for defendants.

TUNNELL, *J.*, November 7, 2013—Waterbury Kitchens, Inc. and Katherine Wolfington have filed an appeal from this court's order entered September 4, 2013 denying the claim of Waterbury Kitchens, Inc. for immunity or exemption under Pa. R.C.P. 3252. The court's order contained a three (3) page footnote explaining its decision. The order was well-reasoned and complete. The court nonetheless submits this opinion pursuant to Pa. R.C.P. 1925(a) to address briefly the specific challenges raised on appeal.

As an initial matter, appellants' statement of matters complained of on appeal contains eight (8) alleged errors by the court in connection with its September 4th order. The order, however, dealt only with issues 3 through 8. Issue 1 challenges the court's denial of "the claim of Appellants to Dissolve the Writ of Execution." As appellants' conceded at the hearing conducted by the court prior to issuing its order, and as the procedural history of this case detailed

below demonstrates, the September 4th order dealt solely with Waterbury Kitchens, Inc.'s ("appellant Kitchens") claim for immunity or exemption under Pa.R.C.P. 3252. (Tr. at p. 2, 1. 17 — p. 3 1. 4, p.3 1.17- p. 4, 1. 11). The court did not entertain any "Petition to Dissolve the Writ of Execution." To the extent this issue relates to the court's ruling on the exemption claim, it is simply duplicative of issue 3. Similarly, issue 2 does not pertain to this court's September 4th order but rather to an order of The Honorable Robert J. Shenkin, dated September 15, 2013, denying appellants' petition for release of property from levy. Finally, issues 4-8 simply are simply subsets of issue 3.

Since judgment was entered against appellants on October 19, 2012, the courts have been peppered by appellants with various pleadings and alternative pleadings in an apparent attempt by them to avoid payment of that judgment. Thus, a brief recitation of the history of this case is necessary to place the court's order September 4th in proper context.

## Procedural history

The current matter is the most recent dispute in a lengthy litigation that began in March, 2011 when Waterbury Associates, Inc. ("Waterbury Associates") filed a complaint against appellants. The action involved appellants' breach of a promissory note. A non-jury trial was held before Judge Shenkin and by an order dated October 19, 2012, Judge Shenkin entered judgment in favor of Waterbury Associates and against Appellants, jointly and severally, in the amount of $196,872.00. Thereafter, appellants appealed to Your Honorable Court (Docket no. 3233 EDA 2012), which appeal was dismissed for failure to file post-trial motions.

Following the appeal, Waterbury Associates filed three (3) writs of execution: (1) a writ of execution against the contents of appellant Wolfington's personal home, (2) a writ of execution against the contents of appellant Kitchen's business office and (3) a writ of execution against a First Niagara Bank account titled in the name of appellant Kitchens. Claim exemptions were filed to each of the writs.

Exemption hearings on the first two writs were held before the Chester County Sheriff on June 13, 2013. The sheriff's department subsequently denied both claims. Appellants filed objections to the determinations and a hearing on those objections is scheduled for November 18, 2013 before The Honorable Charles B. Smith.

In stark contrast, with regard to the First Niagara account, although a claim for exemption was filed with the sheriff's office, appellant Kitchens never obtained a determination from the sheriff. Instead, appellant Kitchens appealed directly to the court of common pleas.

On May 20, 2013, appellants submitted a number of different filings with the courts. Appellant Kitchens first filed preliminary objections pursuant to Pa. R.C.P. 3142 to the levy of the First Niagara account and the objections were assigned to Judge Shenkin. Next, both appellant filed a petition for release of property from levy, or in the alternative for a stay of execution, which was also assigned to Judge Shenkin. Finally, appellant Kitchen filed a claim for immunity or exemption under Pa. R.C.P. 3252 with the sheriff's office. That claim stated that the First Niagra account funds were "entirely deposit money from clients for the purchase of materials. The funds are either immune or exempt from levy or attachment, or are not the property of Waterbury Kitchens, Inc." An exemption

hearing was scheduled for May 28, 2013 before was this court. It was then continued three (3) times. On August 19, 2013, the court conducted the previously continued exemption hearing.

On September 4, 2013, the court entered an order denying the exemption claim. On September 15, 2013, Judge Shenkin denied appellants' petition for release of property. On September 16, 2013, Appellants moved for reconsideration of this court's September 4th order and the motion was denied on September 17, 2013. This appeal followed.

The court properly concluded that appellant Kitchen's claim for exemption asserted on behalf of unnamed customers was not valid — Issue 6.

It was not the various claimant customers who came forth to assert title to the questioned funds, but rather appellant Kitchens who submitted the exemption claim. As the Pennsylvania courts have articulated, in a sheriff's interpleader, the words "title, "belong to" and "owner" are to be used in their "usual and ordinary understanding as relating to the absolute ownership of the goods and chattels in controversy" *Hallman v. Hallman*, 83 Pa. D & C. 108, 110 (Lanc. County, 1951); *see also, Atlantic Finan. Corp. v. Kester*, 156 Pa. Super. 128, 39 A.2d 740 (1944). The Rules of Civil Procedure acknowledge as much and set forth who may, or may not, assert a claim. The Rules require, among other things, that a claim (1) be signed "by the claimant or someone on the claimant's behalf" and (2) contain a statement of the "source of the claimant's ownership of the property." Pa. R.C.P. 3202(b). Appellant Kitchens' claim for exemption did not meet either of these necessary requirements. It was not signed by any still unnamed customers, nor did it contain any

statement that it was authorized to sign a claim on any claimants' behalf as required. The court acted properly in finding that appellant could not bring the claim for exemption as presented.

Despite this defect, the court considered appellant Kitchen's substantive arguments prior to rendering its decision. Apparently unappreciative of the court's accommodation, appellants suggest in footnote 2 to their concise statement of errors that this court did not properly consider all of the parties' arguments prior to issuing its order. Appellants fail to mention to Your Honorable Court two material facts. First, at the hearing, appellants handed to the court for its consideration a memorandum of law that set forth appellant Kitchen's legal position. The court, therefore, prior to issuing its original order had before it appellant Kitchen's written arguments as well as the evidence and argument from the hearing. Second, in response to the motion for reconsideration, the court issued a subsequent order on September 17, 2013. Although the court did not change its original ruling and denied the motion, it did so "after review of the post-hearing briefs submitted by the parties." Appellant Kitchen had a full and fair opportunity to be heard by the court, whether or not the court ultimately agreed with it.

The court's evidentiary rulings were consistent with the Pennsylvania Rules of Evidence — Issues 6-8.

At the exemption hearing, the only evidence offered by appellant Kitchen was an affidavit of appellant Wolfington that had attached to it as exhibits various "Agreements between Purchaser and Seller." The agreements were unsigned and the identity of the party to the agreements had apparently been redacted. Appellants' counsel, though his own "testimony" offered that the agreements were

contracts between appellant Kitchens and its customers. No one was present to present the documents or offer any testimony.

Instead, appellants' counsel argued that the affidavit and exhibits should be admitted as self-authenticating under Pa. R.C.P. 902(11) and as an exception to the hearsay rule as a business record, Pa. R.E. 803(6). The court concluded the evidence did not comply with either rule.

A party seeking to introduce evidence pursuant to Rule 902(11) *"must* give an adverse party reasonable written notice of the intent to offer the record..." and appellant Kitchens, by its own admission, did not do so. At the hearing, the court asked counsel for appellant Kitchens if notice pursuant to Rule 902(11) had been provided to Waterbury Associates and he admitted he had not done so.

THE COURT: 902(11) requires that prior to the trial or hearing, you, as the proponent, must give the adverse party reasonable written notice of your intent to offer the record. Have you done so?

MR. SCHINDLER: No, sir.

(Tr. at p. 18, 1. 12-17).

Appellants argued in post-hearing submissions that because the court allowed additional briefing on the hearsay issue, the Waterbury Associates had reasonable notice of the record and thus any failure to provide notice otherwise should be ignored. The court concluded it should not do so. Appellant Kitchen had ample time to provide notice to Waterbury Associates. The exemption hearing was originally scheduled for the end of May, 2013, but was continued three times. At any point along the way, notice should have been given.

The notice requirement is important and intended to allow parties to adequately prepare for a proceeding. The exemption hearing was the time for the parties to produce evidence and challenge any evidence. Regardless of whether post-hearing briefing occurred, the hearing was Waterbury Associates' opportunity to call witnesses and offer documentary evidence to counter appellant Kitchen's claim for exemption. If Waterbury Associates had been aware of appellant Kitchen's plan to introduce into evidence seven different agreements with attachments (as is contemplated by the rules), it may have conducted interviews or otherwise investigated the matter in preparation for the hearing. Appellant Kitchen's failure to provide notice denied them this important opportunity and warranted a finding that the affidavit did not comply with Rule 902(11).

With the requirements of Rule 902(11) not having been met by appellant Kitchen, the document could not be considered an exception to the hearsay rule under the business records exception, Rule 806(3)(6). Because the affidavit of appellant Wolfington did not satisfy Rule 902(11), the only other way it could meet the "business record" exception was through "the testimony of the custodian or other qualified witness." That did not happen. Furthermore, at no time, did appellant Kitchens explain the unavailability of appellant Wolfington or offer to make her available for testimony during the hearing or for that matter as part of appellants' request that the court reconsider its order denying the claim.

**The disputed funds were not held in trust by Appellant Kitchens — Issue 4.**

The court's order provides the reasoning for its decision that the funds in question were not held in trust. For further

clarification, the court wishes to briefly address appellants' contention in their post-hearing brief that the agreements submitted to the court did not need to contain any language indicating a trust relationship. Specifically, appellants cited *Presbytery of Beaver Butler of United Presbyterian Church in U.S. v. Middlesex Presbyterian Court*, 507 Pa. 255, 489 A.2d 1317, 1324 (1984) for the proposition that manifestation of an intention to create a trust may be written or spoken words or conduct indicating the creation of a trust. Although that may be true, appellant Kitchen presented no evidence at the hearing of any of these three things. More than counsel's representations were required to have the court find that a trust relationship had been established. Appellant Kitchen's showing at the hearing simply was insufficient to establish the creation of a trust.

Appellant Kitchen presented no evidence at the exemption hearing of improper notice — Issue 5.

As for appellants' contention that the court did not properly consider evidence *de hors* the record of improper notice of the writ of execution, there was absolutely no evidence presented at the hearing *de hors* or otherwise of any notice issue. Although appellant Kitchen's memorandum of law presented to the court at the hearing discusses improper notice briefly, there was no evidentiary support provided at the hearing or thereafter regarding the same. To the extent appellants' petition for release of property from levy raised a notice issue, Judge Shenkin decided that petition, not this court or the appealed from order.